Canals Hermanos & Co., S. en C., Demandantes y Apelados,. *v.* Ortiz et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez en un caso sobre cobro de dinero.

No. 1158.—Resuelto en febrero 10, 1915.

Excepciones Previas—Excepción de Indebida Acumulación de Partes—Segundo Acreedor Hipotecario—Partes en la Acción.—Es parte en una. acción en que se solicita la venta de la finca hipotecada y también la cancelación en el registro 'de una segunda hipoteca, el segundo acreedor hipotecario,. y no comete error una corte que desestima la excepción previa de indebida ' acumulación de partes.

Hipoteca—Prórroga para el Pago de una Deuda Asegurada con Hipoteca—Vencimiento—Interpretación del Contrato.—No habiendo sido satisfecha la deuda de $300 de acuerdo con el contrato de hipoteca existente, ni tampoco la suma de $695 importe de mercancías remitidas como fué convenido, y disponiéndose en una de las cláusulas del contrato que de estar insoluta una; factura se entenderá vencida toda la deuda, *se resolvió:* que aún cuando se· había fijado el término de dos años como fecha precisa del vencimiento de la obligación hipotecaria en cuestión, siendo como es la hipoteca un contrato· subsidiario, fué la intención de las partes al emplear las palabras de referencia que el vencimiento de la deuda fuera el de la hipoteca.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. *José G. Torres* y *José R. Freyre.*

Los apelados comparecieron por escrito por sus abogados Sres. Tord & Castro.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

J. Ortiz & Co., S. en C., era una sociedad mercantil domiciliada en el pueblo de Lajas, P. R., que tenía relaciones comerciales con Canals Hermanos & Co., S. en C., que era otra sociedad mercantil que giraba en Ponce. En 25 de enero,. 1913, ambas sociedades por medio de sus respectivos gestores practicaron una liquidación de sus cuentas por virtud de la cual J. Ortiz & Co. reconoció adeudar a Canales Hermanos & Co. la suma de trescientos dólares, y ambas sociedades convinieron además entonces que la sociedad acreedora concedería a la sociedad deudora un crédito hasta la

suma de mil dólares, incluyendo los trescientos dólares que ya se adeudaban. También fué convenido por dichas sociedades que podía disponerse del crédito de $700 en mercancías. Luego José Ortiz como socio gestor de la sociedad deudora y su esposa celebraron un contrato escrito con el socio gestor de la sociedad acreedora. Se convino por este contrato que la mercantil deudora pagaría la suma de cien dólares mensuales a Canals Hermanos & Co., empezando el día 25 de enero de 1913, hasta cubrir los trescientos dólares ya mencionados; que las facturas o borderós se entendería que no vencerían sino a los tres meses de su fecha, pudiendo la sociedad deudora prorrogar el tiempo por tres meses más, satisfaciendo por la prórroga el interés del uno por ciento mensual. Se convino especialmente entre ambas sociedades que en el caso de que las facturas vencidas y no satisfechas alcanzasen a la suma de cien dólares, se considerará vencido el saldo que arroje la cuenta corriente, y la sociedad Canals Hermanos & Co., S. en C., tendría el derecho de proceder desde luego al cobro de la totalidad de dicho saldo; y que el crédito de $1,000 se concedía durante el plazo de dos años a contar desde el 25 de enero, 1913, de modo que al expirar dicho plazo podrían los acreedores proceder al cobro de todo el saldo que se les adeude, y se entenderá esa fecha como vencimiento de la hipoteca constituída por las partes, a la cual se refiere el párrafo cuarto de la demanda. Julio Ortiz y Morales, por sí y en representación de su esposa, constituyó hipoteca a favor de la sociedad acreedora para garantizar los mil dólares de capital, intereses de $200 por demora, y $300 para costas, etc. Los trescientos dólares y los $695.05, valor de las mercancías, no fueron satisfechos como se había convenido, habiéndose *establecido* esta acción en la cual se dictó sentencia a favor de los acreedores.

El primer error que ha sido alegado es que la corte declaró sin lugar la moción que fué presentada para eliminar de la demanda ciertas palabras. Los apelantes no discuten este error en su alegato. Habiendo admitido subsiguiente-

mente los demandantes todos los hechos expresados en la demanda siendo la verdadera cuestión envuelta en el caso el vencimiento de la hipoteca y como la moción para eliminar en realidad no tenía relación alguna con dicha cuestión, debe considerarse que ha sido abandonado el error alegado y en todo caso que no es perjudicial.

El segundo error alegado fué el de haber desestimado la corte la excepción previa formulada por los demandados, de indebida acumulación de partes. Se hizo parte a una persona que tenía una segunda hipoteca. Pero sin embargo como una de las peticiones de la demanda era la venta de la finca hipotecada y como con dicha demanda también se trataba de verificar la cancelación de ambas hipotecas en el registro de la propiedad, creemos que es un hecho claro que el segundo acreedor hipotecario era propia parte.

La principal cuestión que ha sido promovida es la de si la hipoteca estaba vencida cuando comenzó esta acción, cuestión que fué presentada en varias formas pero siempre teniéndose en consideración los hechos de la demanda. Este tribunal ha encontrado gran dificultad para llegar a conocer el significado de las palabras que han usado las partes. Las palabras en cuestión son las siguientes: ''conviniéndose especialmente entre ambas sociedades que en el caso de que las facturas vencidas y no satisfechas alcanzasen a la suma de cien dólares, se considerará vencido el saldo que arroje la cuenta corriente y la sociedad Canals Hermanos & Co., S. en C., tendría el derecho de proceder desde luego al cobro de la totalidad de dicho saldo.'' Alegan los apelantes que esta parte del contrato solamente significaba que la deuda vencería, pero que para la ejecución de la hipoteca había que esperar hasta enero 25, 1915, pero que esta acción fué comenzada el día 22 de noviembre de 1913.

En la escritura en realidad se consignó que el crédito sería prorrogado por dos años y que al vencimiento de esa fecha vencería el saldo de la deuda, cuya fecha debía considerarse como la fecha del vencimiento de la hipoteca. Pero si tene-

mos en cuenta que una hipoteca es un contrato subsidiario o condicional, que depende de la falta de pago de una deuda, y si se observa que las partes hacen siempre referencia a la palabra "saldo" (*balance*) para describir el vencimiento de la obligación, y si además se considera que fué convenido por las partes que al vencimiento de la obligación los acreedores podrían proceder al cobro de dicho saldo,. creemos que fué la intención de las partes que el vencimiento de la deuda fuera también el de la hipoteca.    Al darse a los acreedores el derecho a proceder "al cobro" de la obligación vencida, "el cobro" a que hacía referencia el contrato era la ejecución de la hipoteca.

Se alegó que se cometieron algunos otros errores de menos importancia con respecto a los cuales no se hizo insistencia alguna ante este tribunal.

Debe confirmarse la sentencia apelada.

> *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.